# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 2312008495 |
| v. | ) | |
| | ) | |
| ERIC R. FRY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: March 19, 2026[1]
Decided:  April 23, 2026

*Upon Defendant Eric R. Fry's Motion for Postconviction Relief*
**SUMMARILY  DISMISSED.**

## ORDER

James T. Betts, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State of Delaware.

Eric R. Fry (SBI# 00251345), Howard R. Young Correctional Institution, 1301 E. 12th Street, Wilmington, DE 19809, *pro se.*

**WHARTON, J.**

---

[1] The Motion for Postconviction Relief was filed on February 19, 2025 (D.I. 49), one week before Fry appealed his convictions to the Delaware Supreme Court (*See,* D.I. 52). This Court advised him that his appeal divested this Court of jurisdiction to entertain his motion and that it would decide the motion after his appeal was resolved. (D.I. 52).  The Delaware Supreme Court affirmed Fry's convictions and its mandate was received by the Prothonotary on March 19, 2026 (D.I. 71).

The 23rd day of April 2026, upon consideration of Defendant Eric R. Fry's ("Fry") Motion for Postconviction Relief ("PCR Motion"),[2] and the record in this case, it appears to the Court that:

1.      Fry was convicted by a jury of Wearing a Disguise During the Commission of a Felony ("WDDCF"), Burglary Third Degree, Possession of Burglar's Tools, Criminal Mischief less than $1,000, and Shoplifting less than $1,500.[3] He was sentenced to 5 years at Level V, suspended after 16 months on the WDDCF charge and incarceration suspended for probation on the other charges.[4] His appeal of his convictions to the Delaware Supreme Court was unsuccessful.[5]

2.      On February 19, 2025, Fry moved for postconviction relief prior to appealing his convictions to the Delaware Supreme Court.[6] This Court advised him that his appeal divested it of jurisdiction to entertain his PCR Motion, but that it would consider the motion after the Delaware Supreme Court resolved his appeal.[7] The PCR Motion raises three claims. In their entirety they read: (1) "Suppression out of time Granted 7/15/24 should have had hearing and confession should been suppressed;"

[2] D.I. 49.
[3] D.I. 39.
[4] D.I. 48.
[5] *Fry v. State,* 2026 WL 579446 (Del. Mar. 2, 2026).
[6] Def.'s PCR Mot., D.I. 49.
[7] D.I. 52.

(2) "Det. Leonardi lied under oath about evidence in the case;" (3) "Vindictive Prosecution 5/13/24 civil suit filed case #2312011039 #20 indictment."[8]

3.      Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[9]  If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[10]  Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[11]  A motion exceeds time limitations if it is filed more than one year after the conviction becomes final, or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[12]  A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware

---

[8] Def.'s PCR Mot., D.I. 49.
[9] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[10] *Id.*
[11] Super. Ct. Crim. R, 61(i).
[12] Super. Ct. Crim. R. 61(i)(1).

3

Supreme Court, applies to the movant's case and renders the conviction … invalid."[13] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[14] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[15]

4.  The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[16] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[17]

5.  Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[18] Fry's sole argument on appeal was that the Superior Court failed to ensure a knowing and intelligent waiver of his right to counsel.[19] He also waived any arguments he made in the Superior Court by failing to raise them in

---

[13] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[14] Super. Ct. Crim. R. 61(i)(3).
[15] Super. Ct. Crim. R. 61(i)(4).
[16] Super. Ct. Crim. R. 61(i)(5).
[17] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[18] Super. Ct. Crim. R. 61(d)(5).
[19] *Fry,* at *1.

his opening brief on appeal.[20] Fry's claims are barred by Rule 61(i)(3) as procedurally defaulted due to his failure to raise them on direct appeal and his subsequent failure in his PCR Motion to show "cause for relief" and "prejudice from [the] violation[s]." Additionally his claim related to his suppression motion became moot when the State dropped the charges related to that motion.[21] His claim regarding vindictive prosecution was not made in this case, but rather, in ID No. 2312011039 and is irrelevant to this case. Lastly, Fry does not "set forth in summary form the facts supporting each of the grounds thus specified" as required by Rule 61(b)(2).[22] In fact, Fry sets forth no facts to support any of his claims. Thus, it plainly appears from the PCR Motion and the record that Fry is not entitled to relief.

THEREFORE, Defendant Eric R. Fry's Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, Judge

---

[20] *Id.*

[21] State's letter to the Court ("The State is entering a *nolle prosequi* in one of the Defendant's cases, the only case in which the objected-to cell phone evidence would have been relevant."), D.I. 31.

[22] Super. Ct. Crim. R. 61(b)(2).